1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

**United States District Court**
For the Northern District of California

11   CHANH VAN NGUYEN,              )      No. C 10-02147 JW (PR)
                                    )
12              Plaintiff,          )      ORDER OF DISMISSAL WITH
                                    )      LEAVE TO AMEND
13        vs.                       )
                                    )
14                                  )
     D. K. SISTO, et al.,           )
15                                  )
                Defendants.         )
16                                  )
     _____    )
17

18          Plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant

19   to 42 U.S.C. § 1983 on May 18, 2010.  On the same day, plaintiff filed a petition for

20   a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction.

21   See No. C 10-02148 JW (PR).  Plaintiff's motion for leave to proceed in forma

22   pauperis, (Docket Nos. 2 & 4), will be addressed in a separate order.

23

24                         **DISCUSSION**

25   A.     Standard of Review

26          Federal courts must engage in a preliminary screening of cases in which

27   prisoners seek redress from a governmental entity or officer or employee of a

28   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Plaintiff's "statement of claim," (Compl. 3), is unclear and fails to meet the minimum standards for stating a cognizable claim under § 1983.  Plaintiff has failed to identify what constitutional rights were violated and which defendant committed the alleged violation.  See West v. Atkins, 487 U.S. at 48.  Plaintiff must set forth specific facts as to each defendant's conduct that proximately caused a violation of his federally protected rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Lastly, with respect to relief, plaintiff requests "specific relief with my case, had circumstance for change made reduced and resentencing [sic]."  (Compl. at 3.) Accordingly, the complaint is DISMISSED with leave to amend to attempt to allege cognizable claims pursuant to § 1983.

The Court notes that with regards to the exhaustion of administrative remedies, plaintiff cites state court decisions in the direct appeal of a state conviction rather than inmate appeals grieving prison conditions.  (Compl. 2.)  Furthermore, the state court decisions he references in the complaint appear to correspond to the state court decisions allegedly exhausting the claims in his § 2254 petition.  See No. C 10-02148 JW (PR) (Docket No. 1 at 3-4.)  It appears that plaintiff is seeking relief from an allegedly unlawful state conviction by way of the instant complaint.

Traditionally, challenges to prison conditions have been cognizable only via

§ 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition.  Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004).  The two remedies are not always mutually exclusive, however.  Id. at 1031.

The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code.  See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition.  See id.  Plaintiff's specific request for relief includes "re-sentencing," which implies that he is challenging the fact or duration of his confinement, a challenge that must brought in a habeas petition.  Id.  If plaintiff finds that he filed the instant § 1983 complaint in error, he may move for voluntary dismissal of the instant action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   The complaint is DISMISSED with leave to amend, as indicated above. Within **thirty (30) days** of the date this order is filed, plaintiff shall file an amended complaint.  The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 10-02147 JW ( PR).  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the original complaint by reference.

As discussed above, plaintiff may move for voluntary dismissal of the instant action if he finds he filed the § 1983 action in error.

United States District Court
For the Northern District of California

**United States District Court**

For the Northern District of California

1  **Failure to respond in accordance with this order in the time provided**

2  **will result in the dismissal of this action without prejudice and without further**

3  **notice to plaintiff.**

4  2.   It is plaintiff's responsibility to prosecute this case. Plaintiff must keep

5  the Court informed of any change of address by filing a separate paper with the clerk

6  headed "Notice of Change of Address."  He must comply with the Court's orders in

7  a timely fashion or ask for an extension of time to do so.  Failure to comply may

8  result in the dismissal of this action pursuant to Federal Rule of Civil Procedure

9  41(b).

10  The Clerk shall enclose two copies of the court's form complaint with a copy

11  of this order to plaintiff.

12

13  DATED: _____   September 13, 2010

14  JAMES WARE
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


CHANH VAN NGUYEN,

              Plaintiff,

  v.

D.K. SISTO, et al.,

              Defendants.

_____/

Case Number: CV10-02147 JW

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____9/14/2010_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Chanh Van Nguyen V-07324
Folsom State Prison
P. O. Box 950
Folsom, Ca 95763


Dated: _____9/14/2010_____

                               Richard W. Wieking, Clerk
                    /s/ By: Elizabeth Garcia, Deputy Clerk